IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREAT WEST CASUALTY COMPANY

    Plaintiff,

v.

                                                      Civ. 2:26-cv-00320

UNITED SPECIALTY INSURANCE COMPANY,
DTL TRANSPORT, INC., and RANJEET SINGH

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT AND EQUITABLE CONTRIBUTION**

Plaintiff Great West Casualty Company ("Great West"), by its attorneys, Moses, Farmer, Glenn, Gutierrez & Werntz (Lucas N. Frank), for its Complaint against Defendant United Specialty Insurance Company ("USLI") states as follows:

**PARTIES**

1. Plaintiff Great West Casualty Company ("Great West") is a corporation organized under the laws of the State of Nebraska with its principal place of business located in the State of Nebraska. At all times relevant hereto, Great West was authorized to conduct business in the insurance industry in the State of New Mexico.

2. Defendant United Specialty Insurance Company is a Delaware corporation with its principal place of business in the State of Texas.

3. Defendant DTL Transport, Inc. ("DTL") is a California corporation with its principal place of business in California.

4.      Defendant Ranjeet Singh is a resident of Fresno County, California.

## JURISDICTION AND VENUE

5.      This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

7.      This Court has the power to grant the relief sought in this action pursuant to, inter alia, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## ALLEGATIONS

8.      Great West incorporates by reference the allegations contained in paragraphs 1 through 7 of the Complaint.

9.      On or about February 14, 2025, Antonia Puentes Landeros, individually and on behalf of Victoria Antonella Marin Puentes (a minor) (the "Underlying Plaintiffs"), commenced a civil lawsuit, entitled *Antonia Puentes Landeros, individually and on behalf of Victoria Antonella Marin Puentes, a minor, Plaintiffs v. Ranjeet Singh and DTL, Defendants*, case number D-504-CV-2025-00151, in the Fifth Judicial District Court, Chaves County, State of New Mexico (the "Underlying Lawsuit").

10.      A copy of the Complaint filed in the Underlying Lawsuit is attached as **Exhibit A**.

11.      The Underlying Lawsuit arises from injuries the Underlying Plaintiffs allegedly sustained in an April 30, 2022 accident in Chavez County, New Mexico. In their Complaint, the

Underlying Plaintiffs alleged that the accident was the direct and proximate result of the negligence of Ranjeet Singh.

12. The Underlying Lawsuit also accuses DTL of respondeat superior liability for Mr. Singh.

13. At the time of the accident, Ranjeet Singh was the President and the driver for DTF Trans Inc. ("Trans").

14. On information and belief, at the time of the accident, Trans and Singh were express insureds under an automobile policy issued by USLI (Policy No. GWP74210 00). *See* Certificate of Insurance attached as **Exhibit B**.

15. At the time of the accident, DTL was insured under a Commercial Lines Policy issued by Great West (Policy MCP66582B). *See* Great West Policy attached as **Exhibit C**.[1]

16. On January 10, 2022, DTL entered into a Trailer Lease Agreement with Trans to lease a 2020 Great Dane T-325 Trailer, a 53-foot dry van trailer used for general freight hauling. Under the lease, Trans agreed to assume the risk of loss, defend and indemnify, and procure insurance providing coverage for DTL. *See* Trailer Lease Agreement, attached as **Exhibit D**. The lease contained the following provisions:

- Lessee hereby assumes and shall bear the entire risk of loss or damage to trailer(s) and/or equipment leased (including sideboards and metal work) from any and every cause whatsoever. …

---

[1] Premium, rating, and employee information related to underwriting has been redacted from the policy, but the policy language has not been redacted.

- Lessee agrees to indemnify, defend and hold Lessor harmless from and against any and all claims, demands, actions, damages, loss, liability or expense (including, without limitation, attorney's fees and costs) (collectively the "Claim of Loss") arising from or relating to the leased trailer(s) and/or equipment during the term of this Agreement.

- Lessee agrees to carry, at Lessee's sole cost and expense, public liability (bodily injury and death), property damage and physical damage coverage on the equipment leased hereunder and Lessee's own equipment. Public liability and property damage insurance shall have a combined single limit of not less than $1,000,000. Physical damage insurance shall be for the value of each trailer leased and equipment item leased, but in no event less than $70,000 unidentified trailer (collision) per trailer. Lessee agrees to provide Lessor a Certificate of insurance from Lessee's insurance provider verifying adequate coverage. The Certificate of Insurance must list DTL Transport, Inc. as additional insured, list the radius of coverage and provide Lessor with thirty (30) days written notice prior to cancellation.

17. Upon information and belief, DTL was provided a January 12, 2022 Certificate of Liability Insurance document via Freedom Insurance Services, PC. *See* **Exhibit B**. The Certificate of Liability Insurance includes reference to the "Insured" as Trans, the auto liability insurer as "United Specialty Insurance Company," and the Certificate Holder/Additional Insured as "DTL Transport, Inc." The certificate contained the following information about the policies and coverages extended to DTL:

| Type of Insurance | Policy No. | Policy Eff. | Policy Exp. | Limits |
|---|---|---|---|---|
| Automobile Liability  Scheduled Autos | GWP74210 00 | 12/08/2021 | 12/08/22 | COMBINED SINGLE LIMIT (EA accident) $1,000,000 |

18.     Upon information and belief, DTL was an express additional insured under USLI policy number GWP74210 00.

19.     At the time of the accident, Ranjeet Singh, was hauling the 2020 Great Dane T-325 Trailer that Trans leased from DTL.

20.     On June 9, 2022, Great West sought confirmation from USLI that it would agree to accept DTL's defense and indemnity if a lawsuit were filed.

21.     On June 10, 2022, USLI agreed to assume DTL and Ranjeet Singh's defense in the event a lawsuit was filed, without issuing any applicable reservation or limitation of rights beyond the involved policy limit under USLI's policy number GWP74210 00. *See* Email Exchange between representatives of USLI and Great West, attached as **Exhibit E**.

22.     On February 14, 2025, the Underlying Plaintiffs filed the Underlying Lawsuit for negligence against Ranjeet Singh and DTL.

23.     Despite repeated requests, USLI has refused to defend and indemnify Ranjeet Singh and DTL in this matter. *See* June 9, 2025, July 9, 2025, and October 29, 2025 tender letters, attached as **Exhibit F**.

24.     Upon information and belief, USLI has failed to provide any basis or coverage determination to Ranjeet Singh and DTL as to why USLI has failed to defend and indemnify them in relation to the Underlying Lawsuit.

25. Great West has agreed to provide coverage to Ranjeet Singh and DTL under the Policy issued to DTL while reserving its right to disclaim coverage.

## COUNT I – DECLARATORY RELIEF

26. Great West re-alleges all previous paragraphs of this Complaint and incorporates the same as though fully set forth herein.

27. Great West respectfully requests the Court to judicially declare that, pursuant to the terms of the insurance policy USLI issued to Trans., DTL is an additional insured under the insurance policy USLI issued to Trans.

28. Great West respectfully requests the Court to judicially declare that Ranjeet Singh, pursuant to the terms the insurance policy USLI issued to Trans, is an insured under the insurance policy USLI issued to Trans.

29. Great West respectfully requests the Court to judicially declare that USLI, pursuant to the terms of the insurance policy it issued to Trans, owes a duty to defend and indemnify Ranjeet Singh and DTL in the Underlying Litigation.

30. Great West respectfully requests the Court to judicially declare that the USLI Policy provides primary defense and indemnification of Ranjeet Singh and DTL with Great West's Policy being excess to the USLI Policy.

31. Great West further seeks a declaration that USLI is obligated to indemnify the costs and expenses Great West has incurred, and continues to incur, in defending Ranjeet Singh and DTL in the Underlying Lawsuit under the Great West Policy.

## COUNT II – EQUITABLE CONTRIBUTION

32. Great West re-alleges all previous paragraphs of this Complaint and incorporates the same as though fully set forth herein.

33. The Great West Policy and the USLI Policy provide liability coverage to Ranjeet Singh and DTL.

34. USLI has a primary duty to defend Ranjeet Singh and DTL in the Underlying Lawsuit.

35. USLI's wrongful withholding of a defense and refusal to contribute to the costs and expenses of defending Ranjeet Singh and DTL in the Underlying Lawsuit compels Great West to bear a greater defense obligation than it is obligated to as an excess insurer to USLI's primary coverage for the Underlying Lawsuit.

36. USLI's wrongful withholding of a defense and refusal to honor its indemnity obligation, at the expense of Great West, offends the very basic principles of equity.

37. Equity requires that USLI compensate Great West for the costs and expenses it has incurred defending Ranjeet Singh and DTL in the Underlying Lawsuit.

38. Equity requires USLI to assume defense and indemnification of Ranjeet Singh and DTL in the Underlying Litigation in accordance with the terms and conditions of the Policy USLI issued to Trans.

39. Accordingly, USLI is liable to Great West under the principle of equitable contribution for its costs and expenses in connection with defending Ranjeet Singh and DTL in the Underlying Lawsuit that Great West has incurred, and continues to incur.

WHEREFORE, Great West prays for a judgment against USLI that includes the following relief:

1. The entry of a declaratory judgment adjudging the relative rights of the parties to this action under the Great West Policy and the USLI Policy. Specifically, Great West prays for an Order adjudging and declaring that: (a) USLI owes a duty to defend Ranjeet Singh and DTL in the Underlying Lawsuit under the USLI Policy; (b) the USLI Policy provides primary defense and indemnification of Ranjeet Singh and DTL with Great West's Policy being excess to the USLI Policy; (c) USLI breached the terms of its coverage contract with Trans by wrongfully denying a defense of Ranjeet Singh and DTL in the Underlying Lawsuit; and (d) USLI shall reimburse Great West for the costs and expenses it has paid in connection with defending Ranjeet Singh and DTL in the Underlying Lawsuit.

2. An Order that USLI shall make payments to Great West consistent with this Declaratory Judgment.

3. An Order for USLI to pay: (a) the entirety of the costs of this action; (b) all legal fees in demanding USLI's compliance with its June 10, 2022 acceptance of defense and indemnification of Ranjeet Singh and DTL, and (c) the reasonable attorney's fees Great West incurs in prosecuting this action.

4. Any other and further relief as the Court may deem just and proper.

Respectfully submitted,

**MOSES, FARMER, GLENN, GUTIERREZ & WERNTZ, P.C.**

By: */s/        Lucas N. Frank*
     Lucas N. Frank
P.O. Box 30087
Albuquerque, NM  87190
Telephone: (505) 843-9440
Email: lucas@moseslaw.com
*Attorneys for Plaintiff Great West*